# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**DELBERT H. ORTIZ,**

       Plaintiff,

vs.                                                                  **No. CIV 00-1439 LCS**

**JOHN L. WINGARD, HOUSING
AUTHORITY OF LAS CRUCES,
and CITY OF LAS CRUCES,**

       Defendants.

## MEMORANDUM OPINION

**THIS MATTER** is before the Court on Defendant City of Las Cruces' Motion for Summary Judgment (Doc. 29), filed on August 21, 2001. The Court, acting upon consent and designation pursuant 28 U.S.C. § 636, and having considered the submissions of counsel, relevant law, and being otherwise fully advised, finds that this Motion is well-taken in part and should be **GRANTED IN PART**.

**I.**     **Background.**

The following statement of facts is set forth in the light most favorable to Plaintiff, with all reasonable inferences from the record drawn in his favor. *See Clanton v. Cooper*, 129 F.3d 1147, 1150 (10th Cir.1997). In his Amended Complaint, Plaintiff alleges that he is Hispanic and has been employed by the City of Las Cruces (City) and the Housing Authority of the City of Las Cruces (HACLC) since 1977. (Am. Compl. ¶¶ 5 and 10.) Plaintiff seeks damages for alleged discrimination based on his national origin, retaliation for resisting discrimination, and breach of implied employment

contract. (Am. Compl. ¶¶ 24- 41.) Plaintiff alleges that Defendant Housing Authority is an agency of the City, or is a political subdivision of the City, or is a corporation established by the City and derives its charter from the City for the purpose of providing low cost housing to the residents of the City. (Am. Compl. ¶ 3.) Plaintiff claims that he was denied promotional opportunities due to his national origin, that his position was reclassified and he was demoted in retaliation for asserting his Title VII rights, and that the demotion was a breach of implied employment contract. (Am. Compl. ¶¶ 13-34.)

On October 16, 2000, Plaintiff filed his Complaint in this Court *pro se*, alleging discrimination on the basis of national origin under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. (Doc. 1.) Defendants filed Motion for a More Definite Statement on January 29, 2001. (Doc. 7.) On January 31, 2001, the Court approved a stipulated Order granting the Motion for a More Definite Statement, and allowing Plaintiff thirty days in which to file an amended complaint. (Doc. 10.) On March 2, 2001, Plaintiff filed his Amended Complaint through counsel. (Doc. 12.) In the Amended Complaint, Plaintiff alleges discrimination in employment, retaliation for resisting discrimination, and breach of implied employment contract against all Defendants. On July 17, 2001, Plaintiff's claims against John L. Wingard were dismissed by stipulated Order. (Doc. 28.) On August 21, 2001, Defendant City moved for summary judgment on the Title VII claims.

The City argues that it is entitled to summary judgment because Plaintiff failed to exhaust administrative remedies for his Title VII claims with respect to the City, and because the City is not Plaintiff's employer within the meaning of Title VII. Plaintiff responds that there are disputed issues of material fact that preclude summary judgment.

In support of its Motion for Summary Judgment, the City has submitted the affidavits of John

L. "Jack" Wingard, Executive Director of HACLC and James A. Ericson, City Manager and Chief Executive Officer for the City. In his affidavit, Mr. Wingard states that Plaintiff has been an employee of HACLC since January 2, 1977 to present. (Wingard Aff. ¶ 8.) Plaintiff's supervisor, Tom Hassel is an employee of HACLC, not the City. (Wingard Aff. ¶ 9.) Mr. Wingard further states that HACLC received no funds from the City, has its own accounting department, and issues financial statements separate from those of the City. (Wingard Aff. ¶ 4.) In addition, HACLC has its own administrative offices and no City employee works in the HACLC office. (Wingard Aff. ¶ 5.) HACLC has its own personnel manager, and hires its own employees. (Wingard Aff. ¶ 6-7.) HACLC personnel decisions are not reviewable by the City. (Wingard Aff. ¶ 7.) The salaries and benefits of HACLC employees are paid with HACLC funds, and not with City funds. (Wingard Aff. ¶ 7.)

In his affidavit, Mr. Ericson states that the City does not fund the HACLC and does not participate in any HACLC employment decisions. (Ericson Aff. ¶ 7.) Mr. Ericson further states that HACLC employees are not City employees, the City does not determine the wage rates of HACLC employees, or pay taxes on their behalf. (Ericson Aff. ¶ 8.) The City does not evaluate the performance of HACLC employees. (Ericson Aff. ¶ 9.) The City has its own personnel manual that does not apply to HACLC employees. (Ericson Aff. ¶ 10.) The City has its own personnel manager who does not address HACLC employee issues. (Ericson Aff. ¶ 11.) The City has its own accounting department that is not involved with HACLC. (Ericson Aff. ¶ 12.) Mr. Ericson states that Plaintiff is not employed by the City, is not paid by the City, and that no City employee has supervisory power over Plaintiff. (Ericson Aff. ¶ 14-15.) Finally, Mr. Ericson states that the City and HACLC are audited separately. (Ericson Aff. ¶ 13.)

**II.     Standard**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact." *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Serve.*, 165 F. 3d 1321, 1326 (10th Cir. 1999).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGuire v. Pitkin Co.*, 175 F. 3d 1193, 1201 (10th Cir. 1999).

**III.    Analysis**

In his Amended Complaint, Plaintiff alleges discrimination in employment, retaliation for resisting discrimination, and breach of implied employment contract against the HACLC and the City. The Court construes Plaintiff's discrimination and retaliation allegations as claims under Title VII and his breach of implied contract allegations as a state law claim brought under this Court's

4

supplemental jurisdiction.

Title VII makes it unlawful for an employer to discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment on the basis of national origin or other factors. *See* 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits retaliation against employees for asserting their rights under Title VII, providing that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

**A.     Whether Plaintiff's Title VII claims against the City are barred by failure to exhaust administrative remedies with respect to the City.**

The City argues that it is entitled to summary judgment on the Title VII claims because Plaintiff failed to exhaust administrative remedies with respect to the City. Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit under Title VII. *See Seymore v. Shawver & Sons, Inc.*, 111 F. 3d 794, 799 (10th Cir. 1997); *Jones v. Runyon*, 91 F. 3d 1398, 1399 (10th Cir. 1996). To exhaust administrative remedies, a plaintiff must timely file a charge of discrimination with the EEOC. *See* 42 U. S. C. § 2000e-5 (e) and (f)(1). The charge must be in writing, signed, verified and must contain a clear and concise statement of the facts. *See* 29 C. F. R. §§ 1601.9; 1601.12 (3). The purposes of the exhaustion requirement are to provide notice of the alleged violation to the charged party, and to provide the EEOC with the opportunity to conciliate the claim. *See Seymore v. Shawver & Sons, Inc.*, 111 F. 3d at 799. In making the exhaustion determination, the Court must liberally construe the EEOC charge. *See Gonzalez-Aller Bolster v.*

5

*GTE Lenkurt, Inc.*, 702 F. 2d 857, 859 (10th Cir.1983); *Harrell v. Spangler, Inc.*, 957 F. Supp. 1215, 1219 (D. Kan.1997).

In his EEOC charges of March 19, 1999 and July 15, 1999, Plaintiff identified the "Housing Authority of Las Cruces" as the employer that discriminated against him. (Wingard Aff., Exs. A and B.) The City was not separately named in either charge. Generally, "only parties previously identified as respondents in charges filed with the EEOC are subject to subsequent liability under Title VII." *Terrell v. United States Pipe & Foundry Co.*, 644 F.2d 1112, 1122 (5th Cir.1981), *vacated on other grounds*, 456 U.S. 955 (1982). However, Courts have recognized a narrow exception to this general rule where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation. *See Romero v. Union Pac. R.R.*, 615 F. 2d 1303, 1311 (10th Cir. 1980) (*citing Glus v. G. C. Murphy Co.*, 562 F. 2d 880 (3d Cir. 1977)). Under such circumstances, omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII. *Romero*, 615 F. 2d. at 1311.

Four factors are pertinent to an evaluation of the failure to name a party in the EEOC charge: whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. *Romero*,

615 F. 2d. at 1312. The Tenth Circuit stated in *Romero* that the district court should make the determination of jurisdiction after each side has had an opportunity to fully address the question. *Id.*

In this case, the first two *Romero* factors militate in favor of the City. Plaintiff could have ascertained any role that the City played in the alleged retaliation and discrimination at the time he filed his EEOC complaints. Similarly, as more fully discussed *infra*, the interests of the Housing Authority of Las Cruces are not so similar as the City's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the City in the EEOC proceedings.

Determination of the third and fourth factors, however, is more problematic based on the present record. The City may have been prejudiced by its absence from the EEOC proceedings because it may have missed an opportunity to conciliate with Plaintiff. Additionally, the present record does not address the issue of whether the City in some way represented to Plaintiff that its relationship him was to be with him was to be through the Housing Authority. There is no information in the current record that relates to these factors. Based on the current record, summary judgment would not be appropriate on this issue at this time. The City may file a timely, properly supported motion for summary judgment addressing all the remaining two *Romero* factors.

**B.**     **Whether the City is entitled to summary judgment because it is not Plaintiff's employer within the meaning of Title VII?**

Title VII prohibits employers from engaging in discrimination or retaliation. *See* 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a). A plaintiff raising Title VII claims must thus establish that the defendant was his employer. *See Lockard v. Pizza Hut, Inc.*, 162 F. 3d 1062, 1069 (10th Cir. 1998); *Frank v. U. S. West, Inc.,* 3 F. 3d 1357,1361 (10th Cir. 1993). The statute is not very helpful in this regard as it offers circular definitions of the operative terms. For instance, an employer is defined as

"a person engaged in an industry affecting commerce who had fifteen or more employees. 42 U.S.C. § 2000e(b). An employee, in turn, is defined "an individual employed by an employer." 42 U.S.C. §§ 2000e(f). Although many Title VII cases involve parties that are clearly involved in an employment relationship, other cases present a closer question.

Courts have struggled with numerous tests to determine whether a plaintiff has shown the employment relationship required by Title VII. The Tenth Circuit has identified three approaches to resolving such close questions: (1) the common law agency inquiry; (2) the "hybrid" common law-economic realities method; and (3) the single employer test. *Lambertsen v. Utah Dep't of Corrections*, 79 F. 3d 1024, 1028-29 (10th Cir. 1996). In *Lambertsen*, the Tenth Circuit acknowledged that there is little discernable difference between the common law agency and the hybrid inquiry. *Id*. at 1028. Both of these approaches emphasize the right of the hiring party to control the means and manner by which the work is accomplished. *Id*. The hybrid method considers additional factors relating to the degree of economic dependence of the worker on the putative employer. *Lockard*, 162 F. 3d at 1069. The common law agency and hybrid analyses are more stringent than the single employer analysis and tend to favor putative defendants. Moreover, the common law agency and hybrid inquiries seem best suited to cases focusing on whether a plaintiff is an employee or an independent contractor. *See Saxon v. Thompson Orthodontics,* 71 F. Supp.2d 1085 (D. Kan. 1999).

The single employer test, on the other hand, extends the reach of Title VII, tending to favor plaintiffs. *Lockard*, 162 F. 3d at 1069-70. This test seems more suited to cases where a plaintiff employed by a subsidiary seeks to hold a parent company liable. *Lockard*, 162 F. 3d at 1069-70. Courts applying the single employer analysis have "turned for guidance to a test promulgated by the

National Labor Relations Board." *Lockard*, 162 F. 3d at 1069 (*quoting Evans v. McDonald's Corp.*, 936 F. 2d 1087, 1089 (10th Cir. 1991)). Such courts have emphasized that a broad interpretation should be given to the employer and employee definitions of Title VII to effect its remedial purpose. *Lockard*, 162 F. 3d at 1069 (*citing Armbuster v. Quinn*, 711 F. 2d 1332, 1336 (6th Cir. 1983)). Although the Tenth Circuit has found it unnecessary to explicitly adopt the single employer standard, it has applied the single employer analysis in several recent cases and has observed a trend toward the adoption of this approach among other circuits. *See Lockard*, 162 F. 2d at 1070; *Lambertsen*, 70 F. 3d at 1029; *Frank v. U. S. West, Inc.,* 3 F. 3d 1362.

In this case, the City argues that the Court should apply the hybrid approach or the common law agency approach. (Mem. in Support of Def.'s Mot. for Summ. J. at 6.) As noted above, the hybrid and common law agency analyses constrict the scope of Title VII and tend to exclude putative defendants. In response to the City's argument, Plaintiff does not advance any of the tests identified by the Tenth Circuit, but instead asserts that the HACLC is the agent of the City based on state law and the municipal code. (Pl.'s Resp. to Def.'s Mot. for Summ. J. at 2-4.) Although not championed by Plaintiff and not urged by Defendant, the Court finds it appropriate to apply the single employer standard in considering the City's motion for summary judgment. The key issue in this case is not whether Plaintiff was an independent contractor or employee, but whether an employee of HACLC may hold the City liable. Moreover, if Plaintiff cannot satisfy the relatively lenient, plaintiff-friendly single employer standard, he will not be able to satisfy the more stringent common law agency and hybrid standards.

In applying the single employer inquiry, the Court must examine four factors to determine if there is an employment relationship: interrelationship of operations, centralized control of labor

9

relations, common management, and common ownership or financial control. *Lockard*, 162 F. 3d at 1070. Of these, the key factor is whether the putative employer has centralized control over the labor relations. *Id.*; *Lambertsen*, 79 F. 3d at 1029.

In this case, there has been no showing that the City had centralized control over labor relations at the HACLC. On the contrary, the City has come forward with affidavits establishing that the City and the HACLC have separate personnel managers and separate personnel policies. (Wingard Aff. ¶ 6-7.) HACLC has its own personnel manager, and hires its own employees and HACLC personnel decisions are not reviewable by the City. (Wingard Aff. ¶ 6-7.) The City does not participate in any HACLC employment decisions. (Ericson Aff. ¶ 7.) Moreover, the salaries and benefits of HACLC employees are paid with HACLC funds. (Wingard Aff. ¶ 7.)

Furthermore, the City has produced evidence that the management and financial control of the HACLC is separate from the City's management and financial control. HACLC does not receive City funds, has its own accounting department, and issues separate financial statements. (Wingard Aff. ¶ 4.) HACLC has its own administrative offices where no City employee works. (Wingard Aff. ¶ 5.) The City has its own accounting department that is not involved with HACLC. (Ericson Aff. ¶ 12.) The City and HACLC are audited separately. (Ericson Aff. ¶ 13.) This evidence demonstrates there was no interrelationship of operations, centralized control of labor relations, common management, or common ownership or financial control between the City and HACLC. Thus, the Plaintiff is unable to satisfy the relatively lenient single employer standard.

The City has come forward with evidence demonstrating that it was not Plaintiff's employer within the meaning of Title VII. Defendant has satisfied the initial burden of establishing that no genuine issue exists as to any material fact. *See Celotex*, 477 U.S. at 323. Thus, the burden shifted

to Plaintiff to demonstrate a genuine issue for trial on a material matter. *See McGuire*, 175 F. 3d at 1201.

In support of his Response, Plaintiff has submitted three exhibits; an Independent Auditor's Report (Ex. A), Cooperation Agreement Between the City of Las Cruces and the Housing Authority of Las Cruces (Ex. B), and a Resolution Delegating to the Housing Authority of the City of Las Cruces the Authority to Issue Bonds and Acquire Real Property (Ex. C). In its Reply, the City has objected to Plaintiff's exhibits because they were not supported by affidavits. (Reply Mem. at 3.)

Rule 56 provides that a court must consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . ." *See* FED. R. CIV. P. 56 (c). Only admissible evidence may be considered by a court when ruling on a motion for summary judgment. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F. 2d 1467, 1474 (10th Cir. 1985). To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence. *See IBP, Inc. v. Mercantile Bank of Topeka*, 6 F. Supp. 2d 1258, 1263 (D. Kan. 1998); 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2722 at 384 (3d ed.1998). Any affidavits submitted under Rule 56(e) must be based on personal knowledge, set forth such facts as would be admissible in evidence, and affirmatively show that the affiant is competent to testify as to the subject matter. *See* FED. R. CIV. P. 56 (e). Materials that do not measure up to the standards of Rule 56 are subject to a motion to strike. *See Noblett v. General Elec. Credit Corp.*, 400 F. 2d 442, 445 (10th Cir.1968).

None of Plaintiff's exhibits have been authenticated by nor attached to affidavits and there has been no showing as to admissibility. Under Rule 56, reports and records which have not been

authenticated are not admissible on summary judgment. *See Rill v. Trautman*, 950 F. Supp. 268, 269 (E.D. Mo. 1996). Although such deficiencies are subject to waiver, the City has timely objected to these exhibits. *See Michigan State Podiatry Ass'n v. Blue Cross & Blue Shield of Michigan*, 681 F. Supp. 1239, 1243 (E.D.Mich. 1987) Because they do not comply with the requirements of Rule 56, and the opposing party have raised timely objections, Plaintiff's Exhibits A, B and C will not be considered by the Court in the summary judgment determination.

However, the Court notes that even if these exhibits were considered, Plaintiff still failed to satisfy the relatively lenient single employer test. Plaintiff asserts that the HACLC is an agent of the City because the City created the HACLC, the HACLC auditors reported to City officials, the City and the HACLC entered into a cooperation agreement in 1997, and the City has granted the HACLC the authority to issue municipal bonds. (Pl.'s Resp. to Mot. for Summ. J. at 2-4.) These factors have no bearing on the issue of whether Plaintiff was an employee of the City under applicable Tenth Circuit case law.

As more fully discussed *supra*, the single employer inquiry examines the interrelationship of operations, centralized control of labor relations, common management, and common ownership or financial control. *Lockard*, 162 F. 3d at 1070. Plaintiff's exhibits are not germane to the single employer factors and do not demonstrate an interrelationship of operations, centralized control of labor relations, common management, and common ownership or financial control. Thus, Plaintiff was not an employee of the City under the single employer standard.

Plaintiff cannot be deemed an employee of the City under any standard recognized by the Tenth Circuit. Under the common law agency or hybrid standards tests, usually applied in cases focusing on whether a plaintiff is an employee or an independent contractor, the main focus of the

court's inquiry is the employer's right to control the 'means and manner' of the worker's performance. *See Lambertsen*, 79 F. 3d at 1028. The hybrid test looks to additional factors, including: (1) the kind of occupation at issue, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the employer or the employee furnishes the equipment used and the place of work; (4) the length of time the individual has worked; (5) the method of payment, whether by time or by job; (6) the manner in which the work relationship is terminated; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the employer; (9) whether the worker accumulates retirement benefits; (10) whether the employer pays social security taxes; and (11) the intention of the parties. *Lambertsen*, 79 F. 3d at 1028.

The City has come forward with evidence that it had no right to control the means and manner of Plaintiff's performance. Plaintiff is supervised by Tom Hassell, an employee of HACLC. (Wingard Aff. ¶ 9.) The City and the HACLC have separate personnel managers and separate personnel policies. (Wingard Aff. ¶¶ 6-7.) HACLC has its own personnel manager, and hires its own employees and HACLC personnel decisions are not reviewable by the City. (Wingard Aff. ¶¶ 6-7.) The City does not participate in any HACLC employment decisions. (Ericson Aff. ¶ 7.)

The City has demonstrated that it was not Plaintiff's employer within the meaning of Title VII under the either the common law agency or the hybrid tests. Thus, the City has satisfied its initial burden of establishing that no genuine issue exists as to any material fact. *See Celotex*, 477 U.S. at 323. The burden then shifted to Plaintiff to demonstrate a genuine issue for trial on a material matter. *See McGuire*, 175 F. 3d at 1201.

Plaintiff has made no showing that the City had a right to control the 'means and manner' of

13

his performance or that any of the hybrid approach factors are met. Although Plaintiff infers that additional discovery is necessary, he fails to elucidate any facts that additional discovery might reveal that would support his position that the City was his employer within the meaning of Title VII.

The City has met its burden of establishing that it was not Plaintiff's employer within the meaning of Title VII. Once the City satisfied its initial burden, in order to resist summary judgment, Plaintiff was required to set forth specific facts showing there is a genuine issue for trial as to a material matter. *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586. Plaintiff failed to produce specific, material facts negating the City's showing. Under these circumstances, the City is entitled to summary judgment on Plaintiff's Title VII claims because it was not Plaintiff's employer within the meaning of Title VII.

**C.     State Law Claim**

In addition to his federal discrimination claims, Plaintiff raises a claim for breach of implied contract under state law. In its Motion for Summary Judgment, the City fails to specifically address this claim, implying that standards for the federal issues apply to the state claim as well. The City does not advance any arguments or cite any case law in support of its implication that the standard for determining whether a defendant is an employer under Title VII is the same as the standard for determining contract liability under New Mexico law. Under these circumstances, the Court at this time will deny the City's motion as to Plaintiff's state law claim. The City may timely file another, properly supported motion for summary judgment directed against Plaintiff's state law claim.

**IV.     Conclusion.**

Upon review of the evidence presented on this Motion for Summary Judgment, the Court has determined that Defendant City of Las Cruces' Motion for Summary Judgment (Doc. 29), filed on

August 21, 2001, shall be **GRANTED IN PART.** Defendant City of Las Cruces is entitled to summary judgment on Plaintiff's claims under Title VII. Plaintiff's state law claim for breach of contract remains pending against the City.

**AN ORDER CONSISTENT WITH THIS OPINION SHALL ISSUE.**

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**