# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**DELBERT H. ORTIZ,**

Plaintiff,

vs.                                                                 **No. CIV 00-1439 LCS**

**JOHN L. WINGARD, HOUSING
AUTHORITY OF LAS CRUCES,
and CITY OF LAS CRUCES,**

Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion Regarding Plaintiff's Waiver of Jury Trial, (Doc. 30), filed September 19, 2001. The Court, acting upon consent and designation pursuant 28 U.S.C. §636, having considered the submissions of counsel, applicable law, and being otherwise fully advised, finds that this Motion is not well-taken should be **DENIED**.

On October 16, 2000, Plaintiff filed his Complaint in this Court *pro se*, alleging discrimination on the basis of national origin under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. (Doc. 1.) In his *pro se* Complaint, Plaintiff demanded a jury. (Compl. ¶ 24.) Defendants filed Motion for a More Definite Statement on January 29, 2001. (Doc. 7.) On January 31, 2001, the Court approved a stipulated Order granting the Motion for a More Definite Statement, and allowing Plaintiff thirty days in which to file an amended complaint. (Doc. 10.) On February 13, 2001, G. Greg Valdez, Esq. entered his appearance on behalf of Plaintiff.

On March 2, 2001, Plaintiff filed his Amended Complaint through counsel, alleging discrimination in employment, retaliation for resisting discrimination, and breach of implied employment contract against all Defendants. (Doc. 12.) The Amended Complaint does not contain

a jury demand. Plaintiff did not make a jury demand after filing his Amended Complaint, until he asked for a jury in his Response to Defendants' Motion Regarding Plaintiff's Waiver of Jury Trial. The Initial Pretrial Report, filed on May 3, 2001 and signed by Plaintiff's counsel, states that this is a non-jury case. (Initial Pretrial Rep. at 7.)

"In suits at common law . . . the right of trial by jury shall be preserved . . .." U.S. CONST. amend. VII. Although the right to a jury trial is guaranteed by the Constitution, "like other constitutional rights, can be waived by the parties by nonassertion." 9 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2321, at 163 (1995). Rule 38(b) requires that a demand for jury trial of any issue be served within ten days after service of the "last pleading directing such issue." FED. R. CIV. P. 38(b). A party's failure to serve and file a jury demand as required by the rules constitutes that party's waiver of trial by jury. FED. R. CIV. P. 38(d). Plaintiff's original Complaint included a jury demand, so the original jury demand was timely and was not waived by nonassertion.

The right to a jury trial may also be waived by conduct or agreement of the parties. 9 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2321, at 168 (1995). The standard for determining whether there has been a subsequent waiver of a jury trial, which had previously been timely requested under FED. R. CIV. P. 38, is set for in FED. R. CIV. P. 39(a):

> The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury . . .

*Id.*

The question in this case is whether Plaintiff waived his right to a jury by filing the Amended Complaint without a jury demand and by approving the Initial Pretrial Report that stated the case is a non-jury case. The requirements of Rule 39(a) have been interpreted broadly so as to encompass

orders of the court to which there were no objections. *See Sewell v. Jefferson Co.*, 863 F. 2d 461, 465 (7th Cir. 1987). Plaintiff's conduct in filing the Amended Complaint without a jury demand and approving the Initial Pretrial Report that stated this case is a non-jury case may have been sufficient to waive Plaintiff's right to a jury trial under FED. R. CIV. P. 39(a).

Under Rule 39(b), the Court has authority, upon motion, to grant a jury trial even where the demand is untimely, or where there is no demand at all. FED. R. CIV. P. 39(b). Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." *Id*. In his Response, Plaintiff requests that I exercise my discretion and grant him a jury trial.

The court's discretion under Rule 39(b) is broad. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980). A formal motion need not be filed in order to invoke the Court's discretion under Rule 39. *FDIC v. Palermo*, 815 F.2d 1329, 1333-34 (10th Cir. 1987). Plaintiff's raising of the issue in his Response is sufficient to invoke my discretion.

The Tenth Circuit has stated that "absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial." *Nissan*, 982 F. 2d at 409 (*citing AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965)). However, the Tenth Circuit held in *Nissan* that it was not an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely jury demand results from nothing more than mere inadvertence. *Nissan*, 982 F. 2d at 409.

Defendants have not offered any compelling reason why I should not exercise my discretion and grant Plaintiff's untimely request for a jury. Mindful of the Tenth Circuit's holding in *Nissan* and

reluctant to abridge any right under the Seventh Amendment, I shall exercise my discretion and grant Plaintiff's untimely request for a jury trial under Rule 39(b).    Defendant's Motion Regarding Plaintiff's Waiver of Jury Trial should be denied.

**WHEREFORE,**

      **IT IS ORDERED** that Defendant's Motion Regarding Plaintiff's Waiver of Jury Trial, (Doc. 30), filed September 19, 2001, is **DENIED.**

 

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**